THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANGELA CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 5:16-CV-157 (CAR) |
| PRUITTHEALTH-PEAKE, LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

Plaintiff Angela Crawford filed this action against Defendant PruittHealth-Peake, LLC, alleging employment discrimination based on race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981. Currently before the Court is Defendant's Motion to Compel Arbitration and Dismiss or, in the Alternative, to Stay Proceedings [Doc. 4]. Having considered the applicable law, the record, and the parties' briefs, Defendant's Motion to Compel Arbitration is **GRANTED**, and this action is **DISMISSED** with prejudice.

Plaintiff and Defendant entered into a Dispute Resolution Policy, which contained a written agreement to arbitrate any dispute arising out of or related to her

employment, including those claims comprising the instant action.[1]  It is undisputed the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), applies to this arbitration provision, and Plaintiff's claims are within the scope of the provision.  Because the FAA governs the dispute between the parties, the Court is obligated to compel arbitration.[2] Moreover, in cases such as the one at bar, where all of … claims are subject to arbitration, the Court may dismiss with prejudice, rather than stay, the action.[3]  Indeed, "maintain[ing] jurisdiction under such circumstances would serve no useful purpose."[4]

In her Response, Plaintiff agrees her claims are subject to the arbitration agreement.[5]  However, she asks the Court to stay the action rather than dismiss it because it is "not entirely certain from the pleadings that all the contested issues in this case will be resolved by arbitration," and thus she may be prejudiced because the statute of limitations may run.[6] Plaintiff argues her case is like *Green v. SuperShuttle Int's, Inc.*, where the Eighth Circuit found the lower court abused its discretion when it dismissed the plaintiff's action rather than granting a stay.[7] However, the Court finds *Green* distinguishable from the instant case. In *Green*, the threshold question of

---

[1] [Docs. 4-3, 4-4].

[2] *See* 9 U.S.C. § 4; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

[3] *See, e.g., Alford v. Dean Witter Reynolds, Inc.*, 975 F.3d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when <u>all</u> of the issues raised in the district court must be submitted to arbitration."); *see also Athon v. Direct Merchants Bank*, No. 5:06-CV-1 (CAR), 2007 WL 1100477, at *6 (M.D. Ga. Apr. 11, 2007), *aff'd*, 251 F. App'x 602 (11th Cir. 2007); *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004).

[4] *Marsh v. First USA Bank, N.A.*, 103 F. Supp. 2d 909, 926 (N.D. Tex. 2000).

[5] Pl's Resp. Br. [Doc. 7] at 3.

[6] *Id*.

[7] 653 F.3d 766 (8th Cir. 2011).

arbitrability was before the arbitrator,[8] unlike here where the parties concede the arbitration agreement is enforceable.[9]  Moreover, Plaintiff does not point to any fact or law as to why this case would not be resolved entirely by what the parties have conceded is an enforceable arbitration agreement.

Accordingly, the Court **GRANTS** Defendants' Motion to Compel Arbitration [Doc. 4].  In addition, because all issues raised in Plaintiff's Complaint must be submitted to arbitration, this action is hereby **DISMISSED** with prejudice.

**SO ORDERED,** this 15th day of July, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

JRF/ssh

---

[8] *Id*, at 769-70.
[9] Pl's Resp. Br., [Doc. 7] at 2.